UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JOSHUA MATTHEW ORTIZ,  :
      Petitioner,  :
      :   No. 5:16-cr-00223
    v.  :   No. 5:19-cv-01946
      :
UNITED STATES OF AMERICA,  :
      Respondent.  :
_____

**O P I N I O N**
Motions to Vacate Sentence, 28 U.S.C. § 2255, ECF Nos. 62-63, 70 – Denied

**Joseph F. Leeson, Jr.**                                  **March 18, 2025**
**United States District Judge**

      Petitioner Joshua Matthew Ortiz pled guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). He filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 seeking relief pursuant to *Davis*, which held that § 924(c)(3)(B), the "residual clause," is unconstitutionally vague. Because Ortiz's completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A), the "elements clause," this claim is denied. The Motion to Vacate also alleges the ineffective assistance of counsel pertaining to sentencing, but this claim is without merit. The Motion to Vacate is denied.

**I.    LEGAL STANDARDS**

    **A.    Motion to Vacate under 28 U.S.C. § 2255 – Review of Applicable Law**

      Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal defendants can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v.*

*United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)).

      B.      **Ineffective Assistance of Counsel – Review of Applicable Law**

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Id.* at 689 (explaining that courts should not second-guess counsel's assistance"). "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (internal quotations omitted). The court must consider the totality of the evidence, and the burden is on the petitioner. *Strickland*, 466 U.S. at 687, 695. "A habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden." *Zilich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994). To satisfy the "prejudice" element in guilty plea cases, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## II. BACKGROUND

Ortiz was indicted for an armed robbery at the Turkey Hill Minit Market in Lancaster, Pennsylvania. *See* Indict., ECF No. 1. During the robbery, Ortiz pointed a loaded firearm at a store employee, demanded money and cigarettes, and stole money at gunpoint. *See id.* He entered a guilty plea pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure to Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One) and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two). The § 924(c) count was predicated on the Hobbs Act robbery count. *See* Indict. at 3. Pursuant to the Plea Agreement, the Government agreed to dismiss the remaining count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Three). The parties agreed that the appropriate sentence was two hundred sixteen (216) months imprisonment. *See* Plea Agreement ¶ 3, ECF No. 40. The Plea Agreement listed the maximum possible punishment and the mandatory minimum punishments for each count and for the total of all counts. *See id.* at ¶ 4 (". . . Count Two, using and carrying a firearm during a crime of violence, life imprisonment, a seven-year mandatory minimum term of imprisonment consecutive to any other sentence. . . ."). After a thorough plea colloquy, this Court accepted Ortiz's guilty plea to Counts One and Two. *See* Plea Hearing, ECF No. 57. At the sentencing hearing, this Court accepted the recommended sentence and Rule 11(c)(1)(C) plea agreement, and sentenced Ortiz to one hundred thirty-two (132) months as to Hobbs Act robbery and a consecutive eighty-four (84) months as to § 924(c). *See* ECF No. 50; Sentencing Transcript, ECF No. 58. The conviction and sentence were summarily affirmed on appeal. *See* ECF No. 61.

Ortiz filed a Motion to Vacate sentence pursuant to 28 U.S.C. § 2255.  *See* Mot. ECF No. 62; Mem., ECF No. 63.[1]  Ortiz also filed an Amendment to his Motion to Vacate, which elaborates on arguments in support of his previously asserted claims.  *See* Amend. Mot., ECF No. 70.  He has essentially two grounds for relief: he challenges his § 924(c) conviction pursuant to *Davis*, *see* Mem. at 5-8,[2] and he asserts the ineffective assistance of trial counsel related to sentencing, *see id.* at 9-10; Mot. 5.  The ineffectiveness claim is based on four arguments.  His first ineffectiveness argument relates to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Ortiz asserts that counsel was ineffective "for failure to object to the underlying predicate convictions that led to a[n] offense level of 17 and a criminal history score of 3."  *See* Mem. 9.  Ortiz argues that the ACCA predicates should have been challenged as unreliable and counted as one conviction, not three.  *See id.*  He argues that trial counsel was ineffective for failing to determine if his prior convictions qualify as predicates for the ACCA enhancement and for failing to object to an ACCA enhancement.  *See* Amend. 3-4, 9 (citing *United States v. Taylor*, 596 U.S. 845 (2022) (holding that an attempted Hobbs Act robbery is not a crime of violence under § 924(c)); *Shepard v. United States*, 544 U.S. 13 (2005) (holding that inquiry under the ACCA to determine whether a plea of guilty to a charge "defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some

---

[1]    The same day the Motion to Vacate was filed, a memorandum in support of the Motion to Vacate was also filed, but docketed as a second motion.  This Court considers all arguments in both documents and construes them collectively as the Motions to Vacate.

[2]    For each of Ortiz's filings, this Court refers to the page numbers assigned by the Court's electronic filing system.

comparable judicial record of this information")))."[3] In his second ineffectiveness argument, Ortiz suggests it was ineffective for counsel not to argue for a lower Guidelines sentence and, instead, to just accept the parties' agreed-upon sentence of two hundred sixteen (216) months imprisonment. *See* Mot. 5. Next, Ortiz argues that trial counsel was ineffective for failing to investigate his prior convictions for calculating the Guidelines. *See* Amend. 3-4, 9. Ortiz asserts his criminal history was overrated as his drug priors resulted "from one continuous circumstance," but counsel never objected. *See* Mem. 9-10. Fourth, Ortiz claims that counsel was ineffective for suggesting that his sentences could run concurrently and for failing to object to alleged misinformation from the Judge at the time of his guilty plea that his sentences could be run concurrently, which changed at sentencing when the Judge advised that the sentences must be consecutive. *See id.* at 5-6; Amend 6.

A decision on the Motion to Vacate was held in abeyance pending litigation in the Third Circuit Court of Appeals as to whether Hobbs Act robbery qualifies as a predicate offense under the elements clause of § 924(c). *See* ECF No. 77.

The Government subsequently filed a Response in Opposition to motions. *See* Resp., ECF No. 79. The Government argues that because the § 922(g) count was dismissed, the ACCA was not applied so counsel had no reason to challenge Ortiz's ACCA status, such that the ineffectiveness claim in this regard is meritless. *See* Resp. 2, 12. The Government asserts that Ortiz's claim that counsel was ineffective in not arguing for a lower sentence also lacks merit because Ortiz pled guilty pursuant to a Rule 11(c)(1)(C) agreed-upon sentence. *See id.* at 2-3,

---

[3] Ortiz also asserts there was no violence in his priors. *See* Mem. 9; Amend. 3-4, 8-9 (citing *Johnson v. United States*, 576 U.S. 591 (2015) (holding that the residual clause in the ACCA was unconstitutional because the definition of "violent felony" in the ACCA was impermissibly vague); *United States v. Taylor*, 596 U.S. 845 (2022) (holding that an attempted Hobbs Act robbery is not a crime of violence under § 924(c)).

14. Next, the Government contends that Ortiz does not explain how his Guidelines calculation was incorrect and therefore fails to show counsel was ineffective for failing to challenge the same. *See id.* at 2, 14. Finally, the Government argues that Ortiz's ineffectiveness claim that he was misinformed the § 924(c) sentence could run concurrently rather than consecutively must be denied because the Court accurately advised Ortiz that the § 924(c) conviction would result in a mandatory minimum sentence of seven years' imprisonment consecutive to any other sentence of imprisonment imposed. *See id.* In a Supplemental Response, the Government addressed Ortiz's challenge to his 924(c) conviction, asserting that the Third Circuit's decision in *Stoney* forecloses relief. *See* Supp. Resp., ECF No. 82.

### III. ANALYSIS

#### A. The *Davis* claim is denied because the 924(c) conviction is predicated on a completed robbery.

Section 924(c) provides for enhanced penalties for anyone who uses a firearm "during and in relation to any crime of violence or drug trafficking crime." *See* 18 U.S.C. § 924(c)(1)(A). "Section 924(c) requires the government to prove that the person committed a qualifying predicate crime of violence." *United States v. Stoney*, 62 F.4th 108, 110-11 (3d Cir. 2003). However, "it is not necessary that the defendant be separately charged with or convicted of such an offense." *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998). The statute defines "crime of violence" as:

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection A is known as the "elements clause" and subsection B is known as the "residual clause." The Supreme Court in *Davis* held that the "residual clause" is unconstitutionally vague.

*Davis* does not afford Ortiz any relief in the above-captioned action because his conviction for a completed Hobbs Act robbery (Count 1) satisfies the "elements clause" of § 924 (Count 2). *See Stoney*, 62 F.4th at 112 (finding that the defendant, who used a loaded gun during a holdup while he and his codefendants stole more than $8,000 from a restaurant was a "completed Hobbs Act robbery" that "has as an element the . . . use of physical force against the person . . . of another" (quoting 18 U.S.C. § 924(c)(3)(A))). The first ground for relief in the Motions to Vacate is denied.

### B. The alleged ineffectiveness claims pertaining to sentence are denied for lack of merit.

First, Ortiz's ineffectiveness arguments related to the ACCA are wholly lacking in merit because he was not sentenced pursuant to the ACCA.[4] Not only were the enhanced penalties in the ACCA not imposed, but the ACCA did not apply to Ortiz because the § 922(g) count was dismissed. Thus, Ortiz was not prejudiced by any alleged failures by counsel pertaining to the ACCA or the underlying predicates. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir.

---

[4] The ACCA provides:
In the case of a person who violates section 922(g) of this title [18 USCS § 922(g)] and has three previous convictions by any court referred to in section 922(g)(1) of this title [18 USCS § 922(g)(1)] for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g) [18 USCS § 922(g)].

18 U.S.C. § 924(e).

1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").[5]

Second, because Ortiz pled guilty to and was sentenced in accordance with a binding plea agreement pursuant to Rule 11(c)(1)(C), he was not prejudiced by counsel's failure to request a lower sentence. *See id.*; *United States v. Robinson*, 634 F. App'x 363, 366 (3d Cir. 2015) ("When the District Court accepts a binding plea agreement, it is bound by the proposed sentence. Fed. R. Crim. P. 11(c)(1)(C)."). Ortiz might have been prejudiced, however, if counsel had argued for a lower sentence because it could have been deemed a breach of the Plea Agreement. In the event of a breach, the Government could have reinstated the § 922(g) count and withdrawn its recommended sentence of two hundred sixteen (216) months imprisonment. *See* Plea Agreement ¶ 11 (allowing the Government to declare a breach of the agreement). The recommended sentence was below the ACCA Guidelines of a mandatory sentence of two

---

[5] Moreover, the ACCA arguments lack merit. Ortiz sold crack cocaine three different times on two different dates (April 20, 2010, and May 6, 2010 (twice)), and on a third date (May 14, 2010) was found to be in possession of one hundred thirty-three (133) packets of heroin with the intent to deliver. *See* Presentence Report. Even though he was arrested on the charges on the same day, *at least* three of these "serious drug offenses" were "committed on occasions different from one another." *See* 18 U.S.C. § 924(e). *See United States v. Crump*, 229 F. App'x 186, 188 (3d Cir. 2007) (concluding that the defendant's drug offenses "were committed on occasions different from one another under § 924(e)" even though the defendant was arrested on two offenses at the same time because "the offenses were distinct in time as they were actually committed several days apart"). The suggestion by Ortiz that his drug priors resulted "from one continuous circumstance," *see* Mem. 9-10, has been rejected in this Circuit. *See Crump*, 229 F. App'x at 188 (explaining that "simply because [the defendant] engaged in the same illicit activity twice within a matter of days does not mean he committed only one offense" (citing *United States v. Cardenas*, 217 F.3d 491, 492 (7th Cir. 2000) (determining that two sales of crack cocaine to the same people within forty-five (45) minutes of one another "were two separate and distinct episodes" for purposes of the ACCA because the defendant had plenty of time to change his mind and the second sale was not dependent on the first))).

Because the ACCA enhancement, if it had been applied to Ortiz, would have been based on these drug offenses, his assertion that there was no violence in his priors, as well as his reliance on *Johnson* and *Taylor*, is misplaced.

hundred sixty-four (264) months imprisonment. *See* footnote 5, *supra*. A breach would therefore not have been in Ortiz's best interest, and he suffered no prejudice. *See Wooley v. United States*, No. 5:12-CR-00106-1, 2013 U.S. Dist. LEXIS 164309, at *19 (N.D. Ohio Nov. 19, 2013) (concluding that counsel's decision not to breach the Rule 11(c)(1)(C) plea agreement by recommending a Guidelines sentence was not ineffective assistance because if the defendant had been convicted on all charges, he could have been sentenced under the ACCA).

Third, Ortiz's claim that counsel was ineffective as it relates to the Guidelines is without support. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991) (holding that a 2255 petitioner "must set forth facts to support his contention"). Ortiz suggests that counsel's failure to object "led to a[n] offense level of 17[6] and a criminal history score of 3." *See* Mem. 9. Although Ortiz asserts that he had a "criminal history score of 3," *see* Mem. 9, this is incorrect. Rather, Ortiz had a criminal history score of four (4), which resulted in a criminal history category of three (III). In calculating his prior record score, all four of his prior drug felony convictions counted only once because he was sentenced on all four cases the same day. *See* 18 U.S.C.S. app. § 4A1.2(a)(2) ("If there is no intervening arrest, prior sentences are counted separately unless . . . the sentences were imposed on the same day.").[7] Consistent with the Guidelines, he received three criminal history points for one of the drug convictions and zero points for the other three convictions.[8] His fourth criminal history point came from a 2011 conviction for fleeing and eluding. Given that three of the drug felonies did not count in

---

6   Ortiz does not suggest that the offense level was incorrectly calculated.
7   Ortiz did not have to agree to the use of his prior convictions for calculating points under the Guidelines. *See* Amend. 9.
8   To the extent Ortiz suggests that his drug priors resulted "from one continuous circumstance," *see* Mem. 9-10, this argument does not support the ineffectiveness claim pertaining to his Guidelines calculation.

calculating Ortiz's criminal history score and that if the Government had not agreed to dismiss the 922(g) count he could have been sentenced under the ACCA,[9] any suggestion that his criminal history was overrated would have been meritless. *See* 18 U.S.C.S. app. § 4A1.3 ("If reliable information indicates that the defendant's criminal history category *substantially over-represents* the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."). *Accord United States v. Perry*, 460 F. App'x 149, 153-54 (3d Cir. 2012) (affirming the district court's decision to grant an upward departure based on the defendant's juvenile adjudication and uncounted conviction).

Finally, Ortiz fails to show any prejudice from counsel's failure to object to allegedly "misguided information" from the Judge at the guilty plea hearing. *See* Amend. 6. Ortiz states that this Court advised him at the guilty plea hearing that it "had the discretion to run his sentence concurrently," but then advised Ortiz at the sentencing hearing that "his sentence 'must run consecutively' to any other sentence." *See id.* Ortiz fails, however, to consider the entirety of the plea colloquy. *See Libretti v. United States*, 516 U.S. 29, 51 (1995) (considering the "entirety" of the plea colloquy in determining that the defendant waived his right to insist on a jury determination of forfeitability).

At the plea hearing, this Court advised Ortiz:

> . . . In the event I do not follow the recommended sentence[,] I must advise you that because you are pleading guilty to more than one offense[,] I must impose a sentence on each count to which you are pleading guilty. Under the law I have the discretion [ordering] you to serve your sentence either concurrently or consecutively.
> A concurrent sentence means you could serve your sentences at the same time. A consecutive sentence means you have to serve your sentences one after the other. Therefore the greatest or most severe sentence I could give you would be to impose the maximum penalty for each count and to order you to serve each

---

[9] Notably too, Ortiz had a pending burglary charge that was awaiting trial.

sentence consecutively rather than concurrently. We call that the total maximum punishment.

Now, I'm going to advise you of any mandatory minimum punishments and of the maximum possible punishment you could receive from the Court on all charged offenses. The maximum and mandatory minimum punishments on all counts are as follows: Count 1: 20 years' imprisonment, three years of supervised release, and a fine of $250,000; Count Two: life imprisonment, a seven-year mandatory minimum term of imprisonment consecutive to any other sentence imposed, five years of supervised release, and a fine of $250,000; Count 3: life imprisonment , a 15-year mandatory minimum term of imprisonment . . .

Plea Hearing 14:11 – 15:10. These maximum and mandatory minimum sentences were also included in the written plea agreement. *See* Plea Agreement ¶ 4 (". . . Count Two, using and carrying a firearm during a crime of violence, life imprisonment, a seven-year mandatory minimum term of imprisonment consecutive to any other sentence. . . ."). Ortiz attested under oath at the plea hearing that he read and understood the plea agreement. The following discussion occurred:

> Court: Mr. Ortiz, did you voluntarily sign the guilty plea agreement and the acknowledgment of rights?
> Defendant: Yes.
> Court: Did you read and discuss the plea agreement with your lawyer before you signed it?
> Defendant: Yes.
> Court: Do you understand the terms of the plea agreement?
> Defendant: Yes.
> Court: Does the plea agreement represent in its entirety any understanding you have with the government?
> Defendant: Yes.

Plea Hearing 9:1-12. One handwritten change to the plea agreement was made at the plea hearing as it pertained to the mandatory minimum sentence on Count Three, which the Government agreed to dismiss. *See* Plea Agreement ¶ 4. In addressing this amendment, the following colloquy transpired:

> Court: Counsel, are there any requests for additions, corrections, deletions, or other changes to the colloquy?

    Mr. Zaleski:[10]  Yes, there's one, Your Honor, I noticed during the course of the colloquy.  And it concerns Page 3 of the plea agreement with the descriptions of the actual sentence for Count 3.  There is a typographical error that is my fault and responsibility
    For that paragraph there, the – even though the defendant is not pleading to it I just want to make it clear for the record that the 15-year mandatory minimum term of imprisonment is not a consecutive term of imprisonment and can – other offenses can run concurrent to that with the exception of 924(c).  The maximum punishment will still be the same of 22-year mandatory minimum, but Your Honor would have the discretion in sentencing to run all the sentences concurrent that 15-year mandatory.  Your Honor wouldn't, obviously, have the discretion under the law for the 924(c) count. . . .
    Ms. Pedraza:[11]  That's correct, Your Honor.
    Court:  All right. Mr. Ortiz, do you understand what was just said?
    Defendant:  Somewhat.
    Court:  All right.  Ms. Pedraza, would you explain to your client?
    Ms. Pedraza:  Yes.  Mr. Ortiz, you're presently charged with - - before the government dismissed Count 3 you're charged with three offenses, one of which has a mandatory minimum which is required to run consecutive to all other offenses.  That's Count 2, which is 924(c).  It's a mandatory minimum of seven.
    . . . Count 2 has to run consecutive to Counts 1 and 3.  There's a mandatory minimum on Count 3, which is 15 years.  Counts 1 and 3 can run concurrent to each other.  The only count that has to run consecutive is Count 2. . . .
    Defendant:  Okay.
    Court:  Do you understand, Mr. Ortiz?
    Defendant:  Yes.

Plea Hearing 27:18 – 29:9.  In these quoted passages alone, Ortiz was advised by this Court, by Government counsel, and by his defense attorney that the sentence on 924(c) in Count 2 must run consecutive to all other counts.  Ortiz, who was under oath, acknowledged that he understood this.  *See Zilich*, 36 F.3d at 320 ("The plea colloquy is designed to uncover hidden promises or representations as to the consequences of a guilty plea.  It can hardly be gainsaid that declarations made under oath ought not to be lightly cast aside.").  Ortiz's suggestion that he was misled into thinking the sentences could run concurrently is contradicted by the written plea agreement and the plea colloquy.  *See Libretti*, 516 U.S. at 51 (affirming the conviction because

---

| | |
|---|---|
| 10 | Mr. Zaleski represented the Government. |
| 11 | Ms. Pedraza represented Ortiz. |

there was "no hint that [the defendant] labored under any misapprehension" of his rights during the change-of-plea hearing).[12]  Any objection during the plea hearing would have been meritless. *See Sanders*, 165 F.3d at 248 ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").  Ortiz's assertion that trial counsel was ineffective for suggesting that his sentences could run concurrently also lacks merit. *See United States v. Shedrick*, 493 F.3d 292, 300 (3d Cir. 2007) (concluding that "any erroneous sentencing information allegedly provided by defense counsel was corrected by the written plea agreement and the detailed in-court plea colloquy, both of which accurately stated [the petitioner's] potential sentence"); *Janeski v. United States*, No. 1:17-cr-016, 2021 U.S. Dist. LEXIS 90263, at *27-28 (M.D. Pa. May 12, 2021) (finding "in light of the contents of the plea agreement and the plea colloquy, which fully informed Petitioner of the statutory maximum sentence under the guidelines, and the Court's discretion regarding his potential sentence," that "even if it were to assume that [trial counsel's] advice to Petitioner was deficient in this regard, Petitioner's claim of ineffective assistance with regard to his knowledge of his potential sentencing exposure and the "knowing and voluntary" nature of his guilty plea lacks merit").

      The Motions to Vacate are therefore denied.

---

[12]  Even if he were misled into thinking that the counts could run concurrently, Ortiz has not shown that his plea was unknowing or that he was prejudiced because he received the agreed-upon sentence of two hundred sixteen (216) months, which was less than the maximum possible sentence on either count.  *See United States v. Simpkins*, 67 F. App'x 704, 708 (3d Cir. 2003) (explaining that to assess whether an error during a guilty plea colloquy violated substantial rights, the court, considering "the entire record," must determine whether "it affirmatively appears likely that the error materially hampered [the defendant's] ability to assess the risk and benefits of his decision" (internal quotations omitted)); *United States v. Hernandez*, 330 F.3d 964, 983 (7th Cir. 2003) (determining that there was no prejudice by the court's error in exceeding the maximum term of imprisonment on one count because it could have imposed the same prison term through stacking the sentences in a a different way).

## IV. CONCLUSION

Ortiz is not entitled to relief under *Davis* because he committed a completed Hobbs Act robbery, which served as a predicate crime of violence for his conviction under § 924(c). Ortiz's ineffectiveness claims surrounding sentencing also offer no relief because he has failed to show any prejudice. The Motions to Vacate are denied. There is no basis for the issuance of a certificate of appealability.[13]

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[13]   "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth herein, Ortiz has not made a substantial showing of the denial of a constitutional right, nor would jurists of reason find the Court's assessment debatable or wrong. *See United States v. Colon*, No. 05-563, 2024 U.S. Dist. LEXIS 160305, at *1-3 (E.D. Pa. Sep. 6, 2024) (finding no basis to issue a COA because the holding in *Stoney* foreclosed the petitioner's ability to argue that a completed Hobbs Act robbery could not serve as a predicate crime of violence for a conviction under § 924(c)).